870 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rainford COLE, Defendant-Appellant.
 No. 88-1574.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1989.
 
 Before RALPH B. GUY Jr. and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Rainford Cole, was indicted on one count of possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1). Cole entered a guilty plea under Fed.R.Crim.P. 11 which reserved to him the right to appeal from a previously denied motion to suppress evidence seized at the time of his arrest. At his suppression hearing in the district court, Cole argued that he had been subjected to an unlawful Terry stop.[1] On appeal, he argues, for the first time, that the government should have been required to produce a witness who allegedly observed the initial stop and subsequent search of Cole's luggage. Upon review, we conclude that the conviction should be affirmed.
 
 I.
 
 2
 Cole was stopped for questioning by DEA agents at the Detroit Metropolitan Airport. Cole had just arrived from Miami, Florida, a drug "source city." He also conducted himself in a manner that called into play the drug courier profile used by DEA agents. Cole was followed to the street by two DEA agents and was approached just after he hailed a taxi. At the agents' request, Cole voluntarily identified himself and produced his one-way airline ticket. The agents then asked the defendant if they could search his two pieces of luggage. Although the agents' and Cole's version of what occurred next differ, the district court concluded that Cole voluntarily consented to a luggage search. The search revealed two bags of high quality cocaine in one of the pieces of luggage.[2]
 
 
 3
 Prior to the suppression hearing, Cole sought by way of discovery to have all evidence favorable to him disclosed (Brady material). It appears that within that request the defendant sought the identity of the cab driver whom he had hailed shortly before being stopped by the DEA agents. The government responded that the identity of the driver was unknown. Furthermore, the government contends that to the best of its knowledge the driver would possess no relevant information.
 
 II.
 
 4
 On appeal, the defendant has not reiterated his district court arguments, but has raised for the first time the proposition that we should fashion a rule putting the burden on the government to produce all res gestae witnesses.[3] Included within this burden would be the responsibility to identify at the crime scene witnesses who might be present.
 
 
 5
 Issues raised for the first time on appeal are not properly before the court. Boone Coal and Timber Co. v. Polan, 787 F.2d 1056 (6th Cir.1986). However, since the defendant asks us to enact a rule rather than to apply one, we briefly address the issue within the context of this case. A federal criminal defendant already has the due process protection afforded by the requirement that evidence favorable to the defendant must be disclosed. Brady v. Maryland, 373 U.S. 83 (1963). In the case at bar, the government did not know the identity of the cab driver. Although conceivably the government might have been able to trace him, so could the defendant. This was not a case where the government withheld information from the defendant. Assuming without deciding that we would even have the power to adopt a rule of this nature governing the investigative procedures of federal agencies, we would not be inclined to do so, particularly in the context of this type of case. Airport stops of suspected drug couriers are made in public, crowded areas in which hundreds of people are generally present. A rule that would require government agents making an investigative stop and subsequent search to contemporaneously identify any person in the area who might have some incidental knowledge of what was occurring would be mischievous at best.
 
 
 6
 Finding no errors with regard to the district court's decision to deny this defendant's suppression motion, we AFFIRM.
 
 
 
 *
 Honorable Robert Holmes Bell, United States District Court, Western District of Michigan, sitting by designation
 
 
 [1]
 Terry v. Ohio, 392 U.S. 1 (1968)
 
 
 [2]
 "Despite the obvious irony, it is apparent that suspects can, and often do, voluntarily consent to search even when it must be clear to them that incriminating evidence will be disclosed." United States v. Price, 599 F.2d 494, 503 (2d Cir.1979)
 
 
 [3]
 The State of Michigan has a res gestae witnesses rule. It provides: "The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers." Mich.Comp.Laws Ann. Sec. 767.40a. This rule is unique to Michigan, and the Michigan Supreme Court currently has under consideration a revised criminal code which would eliminate the res gestae rule